BLD-005                                            NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3270
_____

IN RE: DAVID MEYERS,
                                                                Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to D.C. Civil No. 1:10-cv-01151)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 7, 2010

Before:  SLOVITER, JORDAN and GREENAWAY, JR., Circuit Judges

(Opinion filed: October 14, 2010)
_____

OPINION
_____

PER CURIAM

       In May 2010, federal prisoner David Meyers filed a pro se habeas petition

pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of

Pennsylvania, raising numerous claims.  On June 4, 2010, the District Court dismissed all

but four of those claims without prejudice, concluding that a habeas petition was not the

proper vehicle by which to raise the dismissed claims.  On July 9, 2010, the District

Court denied Meyers's remaining claims, concluding that they all were both unexhausted

and lacked merit.  Meyers appealed from that latter decision, and that appeal is pending

before this Court. <u>See</u> C.A. No. 10-3297. He has since filed the instant pro se petition for a writ of mandamus, seeking relief relating to his habeas proceeding. For the reasons that follow, we will deny the petition.

A writ of mandamus is a drastic remedy available only in extraordinary cases. <u>See In re Diet Drugs Prods. Liab. Litig.</u>, 418 F.3d 372, 378 (3d Cir. 2005). A petitioner seeking mandamus must demonstrate that "(1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." <u>Hollingsworth v. Perry</u>, 130 S. Ct. 705, 710 (2010) (per curiam) (internal quotation marks and citation omitted). Mandamus cannot serve as a substitute for an appeal, and "a writ of mandamus may not issue if a petitioner can obtain relief by appeal." <u>Madden v. Myers</u>, 102 F.3d 74, 77 (3d Cir. 1996).

In this case, Meyers's mandamus petition challenges a declaration filed by the Government in his habeas proceeding and attacks the District Court's resolution of his habeas petition. The petition also essentially reiterates his habeas claims by asking this Court to either grant him the relief he sought in his habeas petition or compel the District Court or the Government to do so. All of this content could have been raised on appeal from the denial of his habeas petition. Indeed, there is at least some overlap between Meyers's mandamus petition and the brief he filed in his pending appeal. To the extent Meyers alleges that the District Court conspired with the Government to illegally detain him, he has not put forth anything in support of this bald accusation, let alone

2

demonstrated that mandamus relief is warranted.

In light of the above, we will deny Meyers's mandamus petition.